UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Philip Modelle, | : |
| | : Civil Action No.: 8:12-CV-1348 (TJM/TWD) |
| Plaintiff, | : |
| v. | : |
| | : |
| Diversified Collection Services d/b/a | : |
| Performant Recovery Services.; | : **COMPLAINT** |
| and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Philip Modelle, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Philip Modelle ("Plaintiff"), is an adult individual residing in Champlain, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Collection Services, Inc. d/b/a Performant Recovery

Services ("Diversified"), is a California business entity with an address of 333 North Canyons Parkway, Livermore, California 94551 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Higher Education Services Corporation (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

12. On or around January 2012, Plaintiff entered into a student rehabilitation loan program with Defendants to pay the Debt.

13. Sometime in April 2012, Plaintiff called Diversified in an attempt to make his

April payment toward the Debt.

14. In this phone conversation, Diversified told Plaintiff they were experiencing computer problems and could not obtain a confirmation code for Plaintiff's April payment. Diversified stated that it would process Plaintiff's payment as soon as the computer problems were fixed.

15. Diversified also told Plaintiff that if there were any problems with the April payment, Diversified would contact Plaintiff.

16. Plaintiff never received any calls from Diversified following this conversation.

17. In May 2012, Plaintiff called Diversified in order to make his next month's payment.

18. During this conversation, Plaintiff was informed that he had missed the April payment and because of that he had violated his rehabilitation agreement.

19. Diversified also said that they had tried to contact Plaintiff on several occasions during the month of April by phone and had also tried to withdraw funds for the April payment from Plaintiff's bank account, but because Plaintiff did not have sufficient funds, Diversified was unable to complete the transaction.

20. Following this conversation, Plaintiff called his bank and was informed that there had been no attempt to withdraw any money from his account during the month of April and also confirmed that there were sufficient funds in his account to cover the Debt, in case Diversified had attempted a withdrawal.

21. Plaintiff proceeded to call Diversified and asked to talk to a supervisor in the billing department. Diversified informed Plaintiff again that Diversified tried to contact Plaintiff on numerous occasions by phone in April in order to resolve the April payment issue. Plaintiff,

however, did not receive any phone calls from Diversified during the month of April.

22. During a call on June 20, 2012, Diversified misleadingly informed Plaintiff that since Plaintiff was being represented by an attorney, all his payments could only be made through his attorney.

23. Consequently, because Plaintiff was unable to make payments towards the Debt, Plaintiff was prohibited from obtaining further loans to pay for school.  As a result, Plaintiff was not able to attend school.

C. **Plaintiff Suffered Actual Damages**

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants used any false representations or deceptive means to collect a Debtor obtain information about a consumer.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

34. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

35. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

36. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 31, 2012

        Respectfully submitted,

        By  /s/ Sergei Lemberg

        Sergei Lemberg (SL 6331)
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        *Attorneys for Plaintiff*